UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

THEODORE VAN LEER, et. al.,

    Plaintiffs,

v.

INVICTUS ASSET MANAGEMNET LLC, et. al.,

    Defendants.

Civil Action No. 15-1878 (MCA)

ORDER

**JAMES B. CLARK, III, U.S.M.J.**

    **THIS MATTER** having come before the Court upon Defendants Invictus Asset Management LLC, Invictus Capital Growth and Income Fund LLP, Invictus Holdings, LLP, Invictus Income Fund, LLP, Piliana Schamens, Invictus Real Estate Investment, LLP, David W. Schamens, Tradedesk Capital LLC., Tradedesk Financial Group, Inc., and Tradestream Analytics, LTD.'s  Applications for Extension of Time to File an Answer and Retain Counsel for Corporate Entities [Dkt. Nos. 12, 13]; and the Court having fully reviewed all submissions made in support of Defendants' motion; and

    **WHEREAS** Plaintiffs filed this action on March 11, 2015, and returned an executed Summons on March 23, 2015, thereby making Defendants' answer due April 8, 2015 [Dkt. Nos. 1, 3]; and

    **WHEREAS** per Plaintiffs' request, the Clerk of Court entered Default against Defendants on April 11, 2015 for failure to plead or otherwise defend; and

    **WHEREAS** Defendant Phillips Wiegand Jr. submitted a waiver of service on April 13, 2015 [Dkt. No. 11]; and

**WHEREAS** on April 13, 2015, Defendants Invictus Asset Management LLC, Invictus Capital Growth and Income Fund LLP, Invictus Holdings, LLP, Invictus Income Fund, LLP, and Piliana Schamens filed an Application for Extension of Time to File an Answer and Retain Counsel for Corporate Entities [Dkt. No. 12]; and

**WHEREAS** on April 13, 2015, Defendants Invictus Real Estate Investment, LLP, David W. Schamens, Tradedesk Capital LLC., Tradedesk Financial Group, Inc., and Tradestream Analytics, LTD. filed an Application for Extension of Time to File an Answer and Retain Counsel for Corporate Entities [Dkt. No. 13]; and

**WHEREAS** "[i]t is well established that corporate entities may not proceed in a civil action in the Federal Courts without counsel." *Opta Sys., LLC v. Daewoo Elecs. Am.*, 483 F. Supp. 2d 400, 406 (D.N.J. 2007); *see also Simbraw v. U.S.*, 367 F.2d 373, 374 (3d Cir. 1996) (holding that corporations cannot represent themselves pro se); *Carolee, LLC v. Efashion Solutions, LLC*, No. 12–2630, 2013 WL 3336789, *1-3 (D.N.J. July 2, 2013) (adopting report and recommendation that default judgment be entered against corporate defendant who failed to retain counsel); and

**WHERAS** the Court will not entertain the corporate Defendants' arguments concerning lack of service until counsel has been retained;

**IT IS** on this **22nd** day of **April, 2015**

**ORDERED** that the corporate Defendants have **thirty (30) days** from the date of this Order to retain counsel and move to set aside default; and it is further

**ORDERED** that the individual Defendants may proceed pro se or retain counsel, but must move to set aside default within **thirty (30) days** from the date of this Order.

s/ James B. Clark, III  
**JAMES B. CLARK, III**  
**United States Magistrate Judge**