UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

VAN LEER, *et al.*,

        Plaintiffs,

v.

INVICTUS ASSET MANAGEMENT LLC, *et al.*,

        Defendants.

Civil Action No. 15-1878(MCA)

**REPLY BRIEF ON BEHALF OF DEFENDANTS DAVID SCHAMENS, PILIANA SCHAMENS, TRADEDESK FINANCIAL GROUP, INC., TRADESTREAM ANALYTICS, LTD. IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT**

JARDIM, MEISNER & SUSSER, P.C.
30B Vreeland Road, Suite 201
Florham Park, New Jersey
(973) 845-7640

Attorneys for Defendants
David Schamens, Piliana Schamens,
TradeDesk Financial Group, Inc.,
TradeStream Analytics, Ltd., and
Invictus Real Estate Investment LLP

## PRELIMINARY STATEMENT

Because this Court is without subject matter jurisdiction, the complaint should be dismissed, especially in light of subsequent acts of plaintiffs after the filing of this motion.

Plaintiffs Theodore Van Leer, Caroline Van Leer, and Anne M. Blank in both her individual capacity and as Trustee of the Credit Shelter Share Trust (collectively "Plaintiffs") now, at least implicitly, concede that this Court does not have subject matter jurisdiction because there is a lack of complete diversity among the parties as pleaded in the complaint. Certainly they offer no evidence to support allegation of diversity, as is their obligation.

That should be sufficient for the Court to dismiss the action. However, it is not enough for the Plaintiffs.

Plaintiffs start by urging that the Court has jurisdiction to enforce a settlement agreement entered into between Plaintiffs and defendants David W. Schamens, Piliana Schamens, TradeDesk Financial Group, Inc., TradeStream Analytics, Ltd. and Invictus Real Estate Investment, LLP (collectively "the Schamens defendants"). The Court is without jurisdiction as there is no complete diversity among the parties, a fact completely ignored by Plaintiffs.

That does not stop Plaintiffs who next ask the Court for leave to amend the complaint by dropping certain parties for the sole purpose of establishing diversity -- although the case has been settled. Then, as Plaintiffs' narrative continues, the Court can rule on Plaintiffs' motion to enforce the settlement agreement <u>including against the same parties who are being dropped as parties in proposed amended complaint.</u>

All the more puzzling is that a few days after filing their opposition to this motion, Plaintiffs filed a second separate complaint that alleges (1) breach of the settlement agreement

3

and (2) RICO claims based on virtually the same allegations that are contained in the this action[1]. See *Van Leer, et. al v. Schamens*, Docket No. 16-829, filed February 15, 2016.

This is nothing but part of continuing campaign to try to obtain federal jurisdiction where there is none.

Make no mistake, Plaintiffs are not without remedy regarding a claim of breach of contract. To the extent that Plaintiffs seek to enforce the terms of the settlement agreement, they can file a complaint for breach of contract in New Jersey state court, which is what was contemplated in the settlement agreement. To be sure, that would obviate the need for this Court to do anything but to dismiss this action.

Apart from the lack of subject matter jurisdiction, even if there was a need for the Court to entertain leave to amend the complaint, the application should be soundly rejected as futile. The several causes of action alleged in the complaint are grounded in a subscription agreement that by its express terms calls for any action to be filed in North Carolina, not New Jersey.

---

[1] The gamesmanship practiced here should be checked by the Court. To begin with, the Magistrate Judge directed that if Plaintiffs sought leave to amend the complaint to include the breach of settlement agreement and RICO claims, they would have to file a motion for leave to amend. See Text Order ECF No. 39. It is more than obvious that the second complaint was intended to circumvent the Court's order without the need to file the motion for leave to amend. The second complaint is also highly suspect as to this Court's jurisdiction. The second complaint alleges breach of the settlement agreement in the first action. But, because there is similar lack of complete diversity (defendant TradeStream Analytics is located in New Jersey as are two of the Plaintiffs), Plaintiffs allege RICO in the second complaint, a federal question. The RICO claims, however, are part of the subject matter for the release in the settlement which Plaintiffs seek to enforce. If Plaintiffs seek to enforce the terms of the settlement agreement, then they have to abide by the release of defedants. Simply put, they cannot compel payments under the settlement and continue to raise new claims relating back to released conduct.

4

## POINT I

### PLAINTIFFS CANNOT SEEK TO CURE THE JURISDICTIONAL DEFECT BY SEEKING LEAVE TO AMEND THE COMPLAINT IN ORDER TO ENFORCE THE SETTLEMENT AGREEMENT

For reasons that are not understood by the Schamens defendants, the Court is being told by Plaintiffs that the Court has jurisdiction (a) over a fully settled action where the Court does not have jurisdiction, (b) so that Plaintiffs can amend the settled case to add a claim for breach of the settlement agreement, (c) notwithstanding that Plaintiffs have filed a second separate action for breach of the settlement agreement.

The simple and correct solution is to dismiss the complaint here.

### A. Leave To Amend To Correct The Jurisdictional Defect Is Not Available Given That Plaintiffs Entered Into A Settlement Agreement

In an effort to cure the lack of diversity that might give this Court the jurisdiction to consider the matter, Plaintiffs ask the Court for leave to "drop" the non-diverse parties by way of an amended complaint. From there, Plaintiffs proffer that the Court can then consider enforcing the settlement agreement, including against the parties who are to be dropped as parties.

The strategy fails on several fronts.

First, Plaintiffs have already circumvented the Text Order of the Magistrate Judge (ECF No. 39) that called for Plaintiffs to file a motion for leave to appeal to include the exact claims alleged in the second complaint. By virtue of the fact that Plaintiffs have unilaterally acted to file a second complaint can be fairly interpreted to mean that Plaintiffs concede the lack of subject matter jurisdiction in the first complaint.

Second, while Fed. R. Civ. P. 15 provides that leave to amend should be freely granted, the Rule is not without boundaries. Following a September 25, 2105 settlement conference, the parties reported to the Court that matter had been settled. Indeed, the material terms of the

settlement were recited on the record. A written document incorporating all the terms was later signed by the parties.

In the face of the stated terms of the settlement, Plaintiffs fail to point to anything in the settlement agreement that provides that the District Court retains jurisdiction to enforce the terms of the settlement. See *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994)("unless a settlement is part of the record, incorporated into an order of the district court, or the district court has manifested an intent to retain jurisdiction, it has not power beyond the Rules of Civil Procedure to exercise jurisdiction over a petition to enforce a settlement"); *Sawka v. Healtheast, Inc.*, 989 F.2d 138 (3d Cir. 1993). Rather, the settlement agreement by its plain terms provides that either party can seek enforcement in New Jersey before a court of competent jurisdiction. Simply put, there is no case or controversy when the matter is settled. Accordingly, there is no basis for the Court to amend a dispute that has been settled.

Third, while there are circumstances where a court may grant leave to amend so as to allow the plaintiff to drop non-diverse parties thereby creating subject matter jurisdiction, such leave, as noted in the authority cited by Plaintiffs is conditioned on whether the amendment is unduly delayed, advanced in bad faith or prejudicial to the opposing party. *Mulholland v. Thomas Jefferson Univ. Hosp.*, 2010 U.S. Dist. Lexis 72892 at *5 citing *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992). Here, the proposed amendment, unlike the circumstances in *Mulholland*, is based on bad faith and is prejudicial to the Schamens defendants.

Throughout the complaint Plaintiffs allege a multitude of wrongdoing committed by Invictus Capital Growth and Income Fund, LLC (Counts I, II, III, IV, V, VI, VII, and VIII); Invictus Income Fund (Counts VI, VII and VIII); Tradestream Analytic, Ltd (Count VII and

VIII). It is hard to reconcile how these defendants who were alleged to have played a critical role when the complaint was filed are now of no consequence. The fact is that Plaintiffs seek to jettison those parties only because they realize, belatedly, that there is no federal jurisdiction otherwise.

The proposed amendment, moreover, is not made for purposes of preserving the case to go forward as discussed in the authority relied on by Plaintiffs. Rather, a stated purpose of Plaintiffs is to allow the Court to consider Plaintiffs' motion to enforce the settlement agreement, which supersedes the claims in the underlying litigation. Thus, there has been intervening act that terminates the litigation. The case is not "preserved" for purposes of moving the matter along. Just the opposite.

Next, the proposed amendment is a sham. When they commenced the action, Plaintiffs alleged that a host of parties all engaged in improper conduct. Later, in an effort to resolve the dispute, the Plaintiffs negotiated with and entered into a settlement agreement with <u>all</u> the parties named in the complaint, with the full knowledge that this Court did not have jurisdiction, but in an effort to resolve the dispute. Now, inexplicably, not all of the parties are "necessary" to the complaint, in particular those parties whose presence in the case divest the Court of jurisdiction. Consequently, even though Plaintiffs maintain that the "dropped" defendants are of no consequence for purposes of the underlying charges, Plaintiffs fully intend to use this Court as a vehicle to enforce the settlement agreement against the "dropped" defendants.

Because the Court is without subject matter jurisdiction there can be no consideration of the motion to enforce the settlement agreement and the action must be dismissed.

7

### B. Any Proposed Amendment Should Be Found To Be Futile Base On Choice Of Forum Provision In The Subscription Agreement

Even if the Court were to entertain and grant leave to amend the complaint eliminating the non-diverse parties so as to maintain jurisdiction, the amendment should be rejected as futile. The subscription agreements at issue expressly call for any action to be filed exclusively in North Carolina state court.

Ordinarily where parties to a contract negotiate the jurisdiction and venue of a court, federal common law favors enforcement of that agreement. *Albermarle Corp. v. Astrazenca UK Ltd.*, 628 F.3d 643, 649 (4th Cir. 2010).

The heart of the complaint is that defendants breached subscription agreements.

Numbered paragraph 18 of each of those agreements dictates that "such litigation shall be in the Superior Court of the State of North Carolina for Mecklenberg County." See ECF No. 35-2 Gleason Decl. January 18, 2016, Exhibit B at Exhibits A through F.)

The parties, to be sure, as part of the contract agreed that disputes concerning the subscription agreement must be filed in North Carolina courts not New Jersey. The arguments of Plaintiffs suggesting that all they have to do is drop the non-diverse parties are therefore unavailing. Plaintiffs are unable to overcome in any amendment that the case should be heard in New Jersey. Accordingly, leave to amend the complaint is futile supporting the need to dismiss.

## CONCLUSION

For all of the reasons stated more fully above and in their opening brief, the Schamens defendants ask the Court to dismiss the action as the Court lacks subject matter jurisdiction.

Respectfully submitted,

February 26, 2016

By: /s/Dennis F. Gleason
Dennis F. Gleason
JARDIM, MEISNER & SUSSER, P.C.
30B Vreeland Road, Suite 201
Florham Park, New Jersey
(973) 845-7640

Attorneys for defendants
David W. Schamens
Piliana Schamens
TradeStreams Analytics, Ltd.
TradeDesk Financial Group, Inc. and
Invictus Real Estate Investments, LLP

## CERTIFICATE OF SERVICE

I, Dennis F. Gleason, certify that on February 26, 2016 I filed with the Court's ECF system, a reply brief on behalf of defendants David W. Schamens, Piliana Schamens, TradeDesk Financial Group, Inc., TradeStream Analytics, Ltd. and Invictus Real Estate Investment, LLP motion to dismiss the complaint.

s/Dennis F. Gleason
Dennis F. Gleason