UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VAN LEER, ET AL., | : | |
| Plaintiffs, | : | Civil Action No. 15-1878 (MCA) (MAH) |
| v. | : | |
| INVICTUS ASSET MANAGEMENT LLC, ET AL., | : | REPORT AND RECOMMENDATION |
| Defendants. | : | |

This matter comes before the Court by way of Plaintiffs' motion to reopen the case and to enter all appropriate relief [D.E. 48];[1]

---

[1] Plaintiff commenced this action by filing a Complaint on March 11, 2015. Compl., D.E. 1. The Complaint alleges that Defendants solicited Plaintiffs to invest substantial sums of money into their businesses. *Id.* at ¶ 27. In soliciting Plaintiffs to invest, the Complaint alleges, Defendants made material misrepresentations to Plaintiffs to secure their investment funds, made material misrepresentations to Plaintiffs about returning those funds, and withheld from Plaintiffs vital documentation relating to Plaintiffs' investments. *Id.* at ¶ 5. The Complaint further alleges that Plaintiffs' investment was "simply a ruse for the corporate defendants and their principals to exploit Plaintiffs in an egregious manner, convert Plaintiffs' money, and fuel a fraudulent scheme." *Id.* at ¶ 2. In total, the Complaint alleges four counts of breach of contract, one count of breach of fiduciary duty, one count of fraudulent inducement, one count of conversion, and one count of civil conspiracy. *See generally*, Compl., D.E. 1.

On November 2, 2015, the parties executed their first Settlement Agreement ("Original Settlement Agreement"). Braunstein Cert. in Supp. of Mot., D.E. 48-2, ¶ 4. On July 21, 2016, the Court entered an Order dismissing the action "without costs and without prejudice to the right, upon good cause shown to reopen the action if the settlement is not consummated." D.E. 46. That Order further stated that "the Court shall retain jurisdiction as needed to effectuate the terms of the settlement agreement." *Id.*

After the Court entered its July 21, 2016 Order, the parties agreed to multiple time extensions and made numerous modifications to the amount due and owing to Plaintiffs. Braunstein Cert. in Supp. of Mot., D.E. 48-2, ¶ 5. In May 2018, the parties entered into the Third Amended Confidential Settlement Agreement and General Release ("Third Settlement Agreement'), leaving most provisions of the Original Settlement Agreement intact. *Id.*

and United States District Judge Madeline Cox Arleo having referred this motion to the Undersigned for a Report and Recommendation;

and no Defendant having filed opposition to this motion;[2]

and the Court having reviewed Plaintiffs' moving papers and exhibits;[3]

---

On June 26, 2018, Plaintiffs filed the subject motion to reopen the case and to enter all appropriate relief. D.E. 48. Plaintiffs' motion requests that the Court reopen the matter and enter final judgment in the amount of $424,000.000, plus prejudgment interest and reasonable fees and costs incurred related to the enforcement and effectuation of both the Original Settlement Agreement and Third Settlement Agreement. *See generally*, D.E. 47, 48.

[2] As no Defendant opposed Plaintiffs' motion, there has been no challenge to Plaintiffs' proofs evidencing that the parties reached a settlement and its terms. Nor has there been any challenge as to the amount that Defendants owe to Plaintiffs, or to Plaintiffs' allegations that Defendants have not paid anything toward the amount due under the settlement. Braunstein Cert. in Support of Mot., D.E. 48-2, ¶ 5.

[3] The Third Settlement Agreement reads:

> On or before June 7, 2018, the Schamens Defendants shall timely pay, or cause to be paid to, Plaintiffs a payment in the amount of **Two Hundred and Seven Thousand Dollars ($207,000.00)** followed by a second payment on or before June 14, 2018, of **Two Hundred and Seven Thousand Dollars ($207,000.00) (the total payment of Four Hundred and Fourteen Thousand ($414,000.00) represents the "Settlement Amount")**.

D.E. 48-4, at 3 (emphasis in original). Followed by:

> If the Schamens Defendants fail in whole or in part to timely pay, or cause to be paid to, Plaintiffs the Settlement Amount, then an additional Ten Thousand Dollars ($10,000.00) shall be added to the Settlement Amount; and it is agreed that Plaintiffs shall be entitled to entry by any New Jersey court of competent jurisdiction of a final judgment in the form of a Confession of Judgment to be executed by David W. Schamens -- both individually and as the representative and guarantor of all obligations of the Schamens Defendants -- in the principal amount of **Four Hundred and Twenty Four Thousand Dollars ($424,000.00)**, as well as prejudgment interest at the prevailing rate and an award of reasonable attorneys' fees and costs relative to the enforcement of the terms of this Second Amended Settlement Agreement, minus any portion of the Buy Out

and for the reasons set forth herein;

and for good cause shown;

**IT IS THEREFORE ON THIS 28th day of September 2018,**

**RESPECFULLY RECOMMENDED AS FOLLOWS:**

1. The District Court reopen the case;

2. The District Court enter Judgment in favor of Plaintiffs, Theodore Van Leer, an individual; Caroline Van Leer, an individual; Anne M. Blanken, an individual; and

---

> Settlement Amount that has been paid by or on behalf of the Schamens Defendants **(the "Consent Judgment Amount")**. The Consent Judgment Amount -- and Plaintiffs' application to the proper court for entry of a final judgment in that principal amount -- is hereby consented to, confessed to, and shall not to be opposed by the Schamens Defendants.

*Id.* (emphasis in original).

As the Court's July 21, 2016 Order expressly retained jurisdiction to effectuate the terms of the settlement agreement, the Court recommends that the District Judge reopen this case. Furthermore, the terms of the Third Settlement Agreement are clear. The Schamens Defendants were required to pay Plaintiffs $207,000.00 by June 7, 2018, followed by the remaining $207,000.00 by June 14, 2018. Plaintiffs have established that to date, Defendants have not made any payments. *See* Braunstein Cert. in Support of Mot., D.E. 48-2, ¶ 6. In response to Defendants' failure to timely pay, Plaintiffs promptly served Defendants with a written notice demanding that they cure their default under the Third Settlement Agreement. D.E. 48-2. Defendants took no curative action.

Under the terms of the Third Settlement Agreement, Defendants failure to timely pay entitles Plaintiffs to an additional $10,000.00 in addition to the settlement amount. The Third Settlement Agreement also allows for an award of "prejudgment interest at the prevailing rate and an award of reasonable attorneys' fees and costs relative to the enforcement of the terms of this Second Amended Settlement Agreement." D.E. 48-4, at 3. While the Third Settlement Agreement includes a clear error—referring to the award of reasonable attorneys' fees and costs relative to the enforcement of the terms of this Second Amended Settlement Agreement, as opposed to the Third Amended Settlement Agreement—it does not alter the Court's analysis.

As the Third Settlement Agreement is clear and Defendants' have not opposed Plaintiffs' motion, the Court recommends that the District Judge enter final judgment in favor of Plaintiffs.

    Anne M. Blanken, as Trustee of the Credit Shelter Share Trust; and against Defendant David W. Schamens, an individual; upon the Complaint herein.

3. The District Court deem Defendant David W. Schamens liable to Plaintiffs in the principal sum of $424,000.00, consisting of:

    a. $110,000.00 due and payable to Theodore Van Leer,

    b. $110,000.00 due and payable to Caroline Van Leer,

    c. $110,000.00 due and payable to Anne M. Blanken,

    d. $94,000.00 due and payable to Anne M. Blanken, as Trustee of the Credit Shelter Share Trust.[4]

4. The District Court award prejudgment interest pursuant to N.J. Ct. R. 4:42-11, beginning for each Plaintiff on the following dates:

| | |
|---|---|
| Theodore Van Leer | March 4, 2003 |
| Caroline Van Leer | March 4, 2003 |
| Anne M. Blanken | June 30, 2004 |
| Anne M. Blanken, as Trustee of the Credit Shelter Share Trust | June 30, 2004 |

to the date of entry of Final Judgment, at the legal rate.

5. The District Court award post judgment interest at the rate prescribed by 28 U.S.C. § 1961 and deem that it shall be enforceable as prescribed by, *inter alia*, Rule 69(a) of the Federal Rules of Civil Procedure and shall accrue at the applicable rate from the date of entry of this judgment in final form until such judgment is satisfied.

---

[4] The above delineated sums have been agreed to by and amongst Plaintiffs.

6. The District Court reserve jurisdiction to execute the judgment and to jointly and severally enter against the judgment defendants an award of all attorneys' fees reasonably incurred by Plaintiffs relative to enforcement of the terms of the Settlement Agreement.

The parties are advised that pursuant to 28 U.S.C. § 636 and L. Civ. R. 71.1(c)(2), any objection to this Report and Recommendation must be filed and served within fourteen days.

s/Michael A. Hammer
**UNITED STATES MAGISTRATE JUDGE**
