# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| VAN LEER, et al.,<br><br>        *Plaintiffs*,<br>    v.<br><br>INVICTUS ASSET MANAGEMENT LLC, et al.,<br><br>        *Defendants.* | Civil Action No. 15-1878<br><br>ORDER |

**THIS MATTER** having come before the Court by way of Magistrate Judge Michael A. Hammer's Report and Recommendation dated October 1, 2018, ECF No. 49, in which Judge Hammer recommended that the Court reopen the case and enter judgment in favor of Plaintiffs Theodore Van Leer, an individual; Caroline Van Leer, an individual; Anne M. Blanken, an individual; and Anne M. Blanken, as Trustee of the Credit Shelter Share Trust; and against Defendant David W. Schamens, an individual ("Defendant"); upon the Complaint herein;

and it appearing that neither Defendants nor Plaintiffs in this matter have filed any objections to the Report and Recommendation;

and for the reasons set forth in Judge Hammer's Report and Recommendation;

**IT IS** on this 16th day of November, 2018;

**ORDERED** that Judge Hammer's Report and Recommendation dated October 1, 2018, is **ADOPTED**; and it is further

**ORDERED** that Defendant is hereby liable to Plaintiffs in the principal sum of $424,000.00, consisting of: (a) $110,000.00 due and payable to Theodore Van Leer; (b) $110,000.00 due and payable to Caroline Van Leer; (c) $110,000.00 due and payable to Anne M.

Blanken; and (d) $94,000.00 due and payable to Anne M. Blanken, as Trustee of the Credit Shelter Share Trust; and it is further

**ORDERED** that Defendant is liable to Plaintiffs for prejudgment interest pursuant to N.J. Ct. R. 4:42-11, beginning: (a) for Theodore Van Leer, on March 4, 2003; (b) for Caroline Van Leer, on March 4, 2003; (c) for Anne M. Blanken, on June 30, 2004; and (d) for Anne M. Blanken, as Trustee of the Credit Shelter Share Trust, on June 30, 2004; to the date of entry of Final Judgment, at the legal rate; and it is further

**ORDERED** that Defendant is liable to Plaintiffs for post judgment interest at the rate prescribed by 28 U.S.C. § 1961, which is enforceable as prescribed by, <u>inter alia</u>, Rule 69(a) of the Federal Rules of Civil Procedure and shall accrue at the applicable rate from the date of entry of this judgment in final form until such judgment is satisfied; and it is further

**ORDERED** that the Court shall reserve jurisdiction to execute the judgment and to jointly and severally enter against the judgment defendants an award of all attorneys' fees reasonable incurred by Plaintiffs relative to enforcement of the terms of the Settlement Agreement.

*/s Madeline Cox Arleo*
**HON. MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**
